UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**MILO L. CARLSON**,

        Plaintiff,

v.                                      **MEMORANDUM OF LAW
AND ORDER
Civil File No. 01-1000 (MJD/AJB)**

**JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,**

        Defendant.

---

Edward C. Olson, Counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Counsel for Defendant.

---

## I.   INTRODUCTION

The above-entitled matter comes before the Court upon the Report and Recommendation ("R & R") of United States Magistrate Judge Arthur J. Boylan dated January 13, 2006. The R & R recommends that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. Plaintiff has filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1(c). Based on that review, the Court adopts the R & R dated January 13, 2006.

## II.   BACKGROUND

Plaintiff filed this case seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") who found that he was not entitled to a period of disability or disability insurance benefits. The case has a long and complicated history of filings, re-filings, hearings, and remand. Plaintiff filed the instant lawsuit claiming that the ALJ's opinion does not contain a proper analysis of his objective complaints. Judge Boylan concluded that the ALJ had conducted a proper analysis and recommended that the decision of the Commissioner be affirmed.

## III.  DISCUSSION

Judicial review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence on the record as a whole. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir.1992). Substantial evidence is less than a preponderance, but is enough that a reasonable mind might find it adequate to support the ALJ's decision. See Cox v. Barnhart, 345 F.3d 606, 607 (8th Cir. 2003). Where such evidence exists, a court is required to

affirm the Commissioner's factual findings. Turpin v. Bowen, 813 F.2d 165, 169 (8th Cir. 1987) (citations omitted).

In order to be eligible for benefits, Plaintiff must have been disabled prior to September 30, 1998. Plaintiff claims he is disabled due to low back disc herniation and right eye blindness. (R. at 30.) Plaintiff's back problems are the focus of the ALJ's and Plaintiff's credibility analyses.

### A.    Plaintiff's Objections

In his objections to the R & R, Plaintiff argues that the ALJ's "discussion of medical records fails to include any explanation of how those medical records detract from Carlson's credibility." (Pl. Obj. R & R. at 1.) According to Plaintiff, because of this failure, the ALJ posed a faulty hypothetical question to the vocational expert at the administrative hearing. Specifically, Plaintiff takes issue with page 15 of the R & R which states the following about Plaintiff's medical records:

> [T]he ALJ noted that the opinions of several treating and consulting doctors, regarding Carlson's functional restrictions and limitations prior to September 1998, were inconsistent with Carlson's complaints. (T. 35.) ALJ Herbert also discussed Carlson's use of medication and side affects, specifically noting that Carlson's use of solely over-the-counter pain medication was not consistent with complaints of disabling pain. (T. 37.) The ALJ explained that Carlson's complaints of disabling pain were inconsistent with Carlson's periodically seeking treatment "with long periods of absence between treatments." (Id.)

( R & R at 15.)

**B.     Analysis**

Contrary to Plaintiff's allegations, the ALJ did explain why the medical evidence undermined Plaintiff's credibility, and Judge Boylan explained why he found the explanation reasonable.  The ALJ systematically analyzed the various medical evidence in the record.  (R. at 31- 35.)  As the ALJ noted, none of the many physicians, not even Plaintiff's treating neurologist, Dr. Dyste, stated that Plaintiff was permanently disabled or unable to sustain gainful employment due to impairments prior to September 30, 1998 or that Plaintiff was restricted from either daily activities or work activities on a long-term basis.  (R. at 35.)  At most, the various physicians and other health care professionals opined that Plaintiff would be restricted in lifting and twisting during work, and that Plaintiff would need to take breaks during periods of sitting and standing.  It is appropriate to find no disability when none of Plaintiff's physicians opine that he cannot work. See Tennant v. Apfel, 224 F.3d 869, 870-71 (8th Cir. 2000).

Moreover, the ALJ tied these findings into his conclusions (R. at 31-36) and incorporated these limits into his hypothetical to the vocational expert during the administrative hearing.  Thus, the Court finds not only that the ALJ properly explained why the medical evidence does not support Plaintiff's allegations, but also properly explained why the evidence undermines Plaintiff's credibility.

Although the ALJ did not systematically apply the Polaski factors in his analysis of Plaintiff's case, the Court agrees with Judge Boylan that the ALJ did sufficiently address the relevant factors in his decision.  See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (holding that the ALJ is not required to discuss methodically each Polaski factor, as long as he acknowledges and examines them).  In this case, the ALJ addressed the frequency and duration of Plaintiff's pain, the gravamen of Plaintiff's case, and found that no other evidence besides Plaintiff's allegations and letters of support from friends and family, supported this conclusion.  Faced with this evidence, the Court cannot conclude that substantial evidence in the record as a whole does not support the ALJ's decision.

Moreover, the ALJ explained why other evidence in the record undermined Plaintiff's credibility.  Specifically, the ALJ noted that Plaintiff has not sought any employment since working about five weeks at the Creamette plant in late 1996 and early 1997.  Plaintiff has given conflicting reasons for leaving or being terminated from that job.  At his October 1998 hearing, the ALJ asked Plaintiff if he left the job because of back problems, and Plaintiff responded that he was terminated during his probationary period because he missed "a few days because of snow."  (R. at 52.)  However, at his July 2003 hearing, Plaintiff said he left Creamette because the work was too physically demanding for him.  (R. at 95.)

Plaintiff has also provided conflicting statements regarding his use of over-the-counter medications. At the time Plaintiff requested a hearing on the Commissioner's denial of benefits, Plaintiff stated that he took twelve to sixteen over-the-counter pain pills a day. (R. at 243.) However, at the July 2003 hearing, Plaintiff stated that during 1998 he took forty to sixty over-the-counter pain pills a day. (R. at 103.) Looking at these statements, along with the rest of the record, the Court cannot conclude that the ALJ made a faulty credibility determination in this case. See Edwards v. Barnhart, 324 F.3d 964, 966 (8th Cir. 2003) (stating that credibility determinations are generally left to the ALJ).

The ALJ also found that Plaintiff's daily activities during the relevant time period did not support a finding of total disability. Although Plaintiff was limited in his daily activities, the ALJ properly included these limitations in the hypothetical he posed to the vocational expert at the hearing. Plaintiff spent about an hour a day doing household chores, drove, spent about four hours a week visiting with friends, and fished. The ALJ properly included all the documented functional restrictions in his hypothetical. By finding that the Plaintiff could do only sedentary work, the ALJ created a hypothetical that was more restrictive than the restrictions Plaintiff's physicians placed on him. In addition, the ALJ's hypothetical properly addressed Plaintiff's allegation that he

6

spent most of his days in a chair watching television, with breaks to get up and stretch or move around because of stiffness or pain.

In finding the ALJ's functional restrictions reasonable, the Court acknowledges that Plaintiff suffers from pain. However, the test is not whether pain exists; rather, "the important question is how severe the pain is." Brown v. Barnhart, 390 F.3d 535, 541 (8th Cir. 2004) (citation omitted). In this case, Plaintiff's pain did not render him unable to perform a series of tasks or to do some light lifting and bending. It is undisputed that Plaintiff cannot return to his work as a block layer, but that does not mean that Plaintiff cannot do any work. Although the Plaintiff's activities are rather limited, they are consistent with an RFC that allows Plaintiff to do sedentary work.

In conclusion, the Court finds that the ALJ conducted a proper analysis of Plaintiff's subjective complaints. In addition, a proper hypothetical based on this analysis was posed to the vocational expert.

Accordingly, based on all the files, records and proceedings herein, it is **HEREBY ORDERED**:

1. The Magistrate Judge's Report and Recommendation dated August 11, 2004 [Docket No. 28] is hereby **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment [Docket No. 20] is **DENIED**;

    3. Defendant's Motion for Summary Judgment [Docket No. 23] is **GRANTED**; and

    4. This case is **DISMISSED WITH PREJUDICE**.


    **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 22, 2006

                                           s / Michael J. Davis
                                           Michael J. Davis
                                           UNITED STATES DISTRICT COURT